FILED
2017 Apr-28  PM 10:55
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JOHN HENRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 2:16-cv-00511-SGC |
| WELLS REMODELING, LLC | ) |
| d/b/a ALABAMA REBATH, | ) |
| and ANDREW WELLS, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' BRIEF IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants Wells Remodeling, LLC d/b/a Alabama ReBath and Andrew Wells (collectively referred to as "Alabama ReBath" or "Defendants") hereby submit the following brief in support of its Motion for Partial Summary Judgment:[1]

---

[1] Pursuant to the Scheduling Order, and its amendments, this partial motion for summary judgment is directed solely to the exemption issue. Defendants reserve the right to file a motion for summary judgment on all of Plaintiff's claims under the regularly scheduled dispositive motions deadline.

1

## TABLE OF CONTENTS

STATEMENT OF UNDISPUTED FACTS.................................................................2

ARGUMENT ........................................................................................................5

    I.    PLAINTIFF IS EXEMPT UNDER THE RETAIL-SERVICE
        COMMISSION EXEMPTION.................................................................5

        A.  Alabama ReBath is a Retail or Service Establishment. ...................7

        B.  Plaintiff's Regular Rate is in Excess of One and One-Half Times
            the Minimum Wage. ......................................................................9

        C.  More Than Half of Plaintiff's Compensation for a Representative
            Period is Based on Commissions for Goods and Services...............10

CONCLUSION .....................................................................................................14

CERTIFICATE OF SERVICE................................................................................14

## STATEMENT OF UNDISPUTED FACTS

1.    Alabama ReBath is a franchise of Re-Bath Corp., a national bathroom remodeling service and product provider. (D.Ex. 1, Wells Affid. at ¶ 4)

2.    Alabama ReBath provides bathroom remodeling services and products to the general public, specifically residential customers. (D.Ex. 1, Wells Affid. at ¶ 7)

3.    Alabama ReBath has its principal place of business at 3411 Lorna Lane, Birmingham, AL 35216, and at that location maintains its corporate offices,

warehouse and product showroom. (D.Ex. 1, Wells Affid. at ¶ 5)

4.     Alabama ReBath's product showroom is open to the general public during business hours. (D.Ex. 1, Wells Affid. at ¶ 5)

5.     Most Re-Bath franchisees have showrooms open to the general public. (D.Ex. 1, Wells Affid. at ¶ 5)

6.     Alabama ReBath carries a line of products that are only sold to Re-Bath franchisees, all of whom have the exclusive right to sell within their defined territories. (D.Ex. 1, Wells Affid. at ¶ 6)

7.     The Re-Bath line of products include wall systems, shower bases, tub-to-shower conversion pans, replacement bathtubs, walk-in tubs, bathtub liners, wainscoting and accessories. (D.Ex. 1, Wells Affid. at ¶ 6)

8.     Re-Bath franchisees, like Alabama ReBath, also have access to Re-Bath negotiated, exclusive franchisee pricing from dozens of suppliers through its Preferred Vendor Network. (D.Ex. 1, Wells Affid. at ¶ 6)

9.     Re-Bath provides its franchisees, like Alabama ReBath, with a proven and efficient process to follow in remodeling bathrooms, and installing Re-Bath products. (D.Ex. 1, Wells Affid. at ¶ 7)

10.     Alabama ReBath is not involved in the manufacturing of products. (D.Ex. 1, Wells Affid. at ¶ 7)

11.     Nearly 100% of the annual sales of Alabama ReBath are of goods or

3

services not for resale. (D.Ex. 1, Wells Affid. at ¶ 8)

12.    Alabama ReBath sells directly to the consumer. (D.Ex. 1, Wells Affid. at ¶ 8)

13.    Customers can visit Alabama ReBath's showroom, or contact Alabama ReBath to have someone review and inspect their bathroom, and arrange for the providing of services. (D.Ex. 1, Wells Affid. at ¶ 8)

14.    Re-Bath and Alabama ReBath are recognized as retail sales in the industry. (D.Ex. 1, Wells Affid. at ¶ 9)

15.    Plaintiff John Henry worked for Alabama ReBath between May 2015 and October 2015. (D.Ex. 1, Wells Affid. at ¶ 10)

16.    From the beginning of his employment to August 31, 2015, Henry was paid on an hourly basis. (D.Ex. 1, Wells Affid. at ¶ 10)

17.    Beginning September 1, 2015, Henry's compensation was changed to a commission basis. (D.Ex. 1, Wells Affid. at ¶ 10 and Ex.1 thereto)

18.    Henry's commission was based on 7.5% of the sales price (6.5% if a helper was also on the job) for the remodeling services and products for a given customer. (D.Ex. 1, Wells Affid. at ¶ 10 and Ex.1 thereto)

19.    Between September 1, 2015 and October 26, 2015, Henry was paid on a commission basis. (D.Ex. 1, Wells Affid. at ¶ 11 and Ex.2 thereto)

20.    Plaintiff's commission during the September 1, 2015 to October 26,

2015 period was greater than the hourly amounts paid. (D.Ex. 1, Wells Affid. at ¶ 11)

21.    With the exception of one week (and only two days worked) in which Plaintiff's regular rate of pay was $0.73 less than the $10.88 threshold, Plaintiff's regular rate of pay exceeded one and one-half the minimum wage rate. (D.Ex. 1, Wells Affid., Ex.2 thereto)

22.    Alabama ReBath's commission plan gave installers like Plaintiff an incentive to work efficiently in order to timely complete jobs so that more jobs would be scheduled. (D.Ex. 1, Wells Affid. at ¶ 13)

23.    Plaintiff could impact his commission income by working efficiently and handling more customer jobs on which he would be paid commission. (D.Ex. 1, Wells Affid. at ¶ 13)

## ARGUMENT

## I.    PLAINTIFF IS EXEMPT UNDER THE RETAIL-SERVICE COMMISSION EXEMPTION.

Plaintiff's unpaid wage and overtime claims for a portion of his employment with Alabama ReBath fail because Plaintiff qualifies for the "retail or service establishment" exemption under 29 U.S.C. § 207(i), also referred to herein as the Section 7(i) exemption or retail-service exemption.

The Fair Labor Standards Act ("FLSA") generally requires covered employers to pay employees at least the federal minimum wage for all hours

worked, as well as overtime pay of time-and-one-half the regular rate of pay for all hours worked over 40 in a single workweek. 209 U.S.C. §§ 206, 207. However, the FLSA also includes a number of exemptions from the minimum wage and overtime requirements. One such exemption is the "retail or service establishment" exemption found in 29 U.S.C. § 207(i).[2]

Section 7(i) provides that in the case of "employment by [a] retail or service establishment":

> No employer shall be deemed to have violated … [29 U.S.C. § 207](a) of this section by employing any employee of a retail or service establishment for a workweek in excess … [of 40 hours], if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate …, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on good or services without regard to whether the computed commissions exceed the draw or guarantee.

29 U.S.C. § 207(i).

To establish the 207(i) exemption, Defendants "must show that (1) [it] is a 'retail or service establishment;' (2) the Plaintiff's regular rate of pay exceeds 1.5

---

[2] While Plaintiff was an installer, and not a sales person, it is inconsequential who actually made the initial sale. In accordance with 29 U.S.C. § 207(i), employees of a retail or service establishment need not be "salesmen" to qualify for the exemption. *See Klinedinst v. Swift Investments, Inc.*, 260 F.3d 1251, 1255 (11th Cir. 2001) (citing *Mechmet v. Four Seasons Hotels, Ltd.*, 825 F.2d 1173, 1175 (7th Cir.1987) ("persons not engaged in the sale of goods—receivers, trustees, bailees, and others—are sometimes compensated in the form of what are commonly called commissions, and ... [may be considered] 'commissions' within the meaning of 29 U.S.C. § 207(i) if the other requirements of the section are satisfied")).

times the minimum wage; and (3) more than half of the Plaintiff's compensation for a representative period (not less than one month) represents commissions on goods or services." *Kuntsmann v. Aaron Rents, Inc.*, 903 F. Supp. 2d 1258, 1266 (N.D. Ala. 2012) (citing 29 U.S.C. § 207(i); *Klinedinst v. Swift Investments, Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001)).

### A.      Alabama ReBath is a Retail or Service Establishment.

The first requirement of Section 7(i) is that the commission-based employee is employed by a "retail or service establishment." 29 U.S.C. § 207(i). A "retail or service establishment" is defined as "an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry." 29 C.F.R. § 779.411. Though this definition originates from Section 13(a)(2) of the FLSA, which was repealed in 1989, the Department of Labor and the courts are in agreement this definition is still operative. *See Jones v. Tucker Comm., Inc*., 2013 WL 6072966, at *5 (M.D. Ala. Nov. 18, 2013); 29 C.F.R. § 779.24; *see also Reich v. Delcorp, Inc.*, 3 F.3d 1181, 1183 (8th Cir. 1993); *Russell v. Promove, LLC*, 2009 WL 1285885 at *3 (N.D. Ga.); *English v. Ecolab, Inc.*, 2008 WL 878456 at *2 (S.D.N.Y.).

A business must have a "'retail concept' … before the industry characterization of its sales can be considered." *Jones*, 2013 WL 6072966, at *6

(quoting *Brennan v. Great Am. Disc. & Credit Co.*, 477 F.2d 292, 295 (5th Cir. 1973)). The characteristics of a retail or service establishment in 29 C.F.R. § 779.318(a) help define this "retail concept":

> Typically, a retail or service establishment is one which sells goods or services to the general public. It serves the everyday needs of the community in which it is located. The retail or service establishment performs a function in the business organization of the Nation which is at the very end of the stream of distribution, disposing in small quantities of the products and skills of such organization and does not take part in the manufacturing process. … It provides the general public its repair services and other services for the comfort and convenience of such public in the course of its daily living.

29 C.F.R. § 779.318(a).

Alabama ReBath is a "retail or service establishment" as contemplated under the FLSA and its regulations. Alabama ReBath provides bathroom modeling services and products to the general public, specifically residential customers, and meets the repair services and other services for the comfort and convenience of the public. Nearly 100% of the annual sales of Alabama ReBath are of goods or services not for resale, but are sold directly to the consumer. (D.Ex. 1, Wells Affid. at ¶ 8) Alabama ReBath has an office, warehouse and showroom, and its showroom is open to the general public during business hours. (*Id.* at ¶ 5) Alabama ReBath is not involved in the manufacturing of products. (*Id.* at ¶ 7) Re-Bath and

Alabama ReBath are recognized as "retail" sales in the industry. (*Id.* at ¶ 9)[3]

**B.    Plaintiff's Regular Rate is in Excess of One and One-Half Times the Minimum Hourly Rate.**

The second requirement of Section 7(i) is that the commissioned employee earns at least one and one-half times the federal minimum wage. 29 U.S.C. § 207(i).

The federal minimum wage during 2015, the year that Plaintiff worked for Alabama ReBath, was $7.25. One and one-half times that rate is $10.88 an hour.

The regulations promulgated by the Department of Labor explain that the employee's regular rate of pay is to be determined as follows:

> The meaning of the "regular rate" of pay under the Act is … a rate per hour, computed for the particular workweek by a mathematical computation in which hours worked are divided into a straight-time earnings for such hours to obtain the statutory regular rate …. The employee's "regular rate" of pay must be computed … on the basis of his hours of work in that particular workweek and the employee's compensation attributable to such hours. The hourly rate thus obtained must be compared with the applicable minimum rate of pay of the particular employee under the provisions of section 6 of the Act.

29 C.F.R. § 779.419(b).

The following chart summarizes Plaintiff's payroll sheets for Plaintiff's commission pay periods from September 1, 2015 to October 31, 2015, including

---

[3] Courts have found that "service technicians" that "install, service and repair equipment" and similar jobs fall within the generally-recognized and accepted definition of retail sales occupations. *Jones*, 2013 WL 6072966, at *9.

his hours and compensation. The regular rate was then calculated by dividing compensation by hours.

| WEEK ENDING[4] | HOURS | COMPENSATION | REGULAR RATE (COMP./HRS.) |
|---|---|---|---|
| September 6, 2015 | 45.85 | $1,302.48 | $28.41 |
| September 27, 2015 | 22.50 | $228.45 | $10.15 |
| October 4, 2015 | 18.0 | $401.25 | $22.29 |
| October 11, 2015 | 30.31 | $772.85 | $25.50 |
| October 18, 2015 | 31.55 | $806.03 | $25.55 |
| October 25, 2015 | 30.89 | $413.85 | $13.40 |
| October 31, 2015 | 8.75 | $175.00 | $20.00 |

(D.Ex. 1, Wells Affid., Ex.2 thereto) With the exception of one week (and only two days worked) in which Plaintiff's regular rate of pay was $0.73 less than the $10.88 threshold, Plaintiff's regular rate of pay exceeded one and one-half the minimum wage rate.

### C. More Than Half of Plaintiff's Compensation for a Representative Period is Based on Commissions for Goods or Services.

The final requirement of Section 7(i) is that more than half of the commissioned employee's compensation must be from commissions on goods or services. 29 U.S.C. § 207(i). In computing the amount of earnings attributable to

---

[4] The "week ending" dates referenced are those that appear on the payroll sheets and are shown under "days" and correspond with the actual days of the week covered and not the week-ending pay dates shown at the top left of the timesheets.

commissions, "all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee." *Id; see also Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 333 (S.D.N.Y. 2010).

Congress did not define the meaning of "bona fide commission rate." *Lee v. Ethan Allen Retail, Inc.*, 651 F. Supp. 2d 1361, 1366 (N.D. Ga. 2009). Black's Law Dictionary defines "bona fide" as "made in good faith." BLACKS' LAW DICTIONARY 186 (8th ed. 2004). Courts have applied this definition to the term bona fide commission rate in Section 207(i). *See Herman v. Suwannee Swifty Stores, Inc.*, 19 F. Supp. 2d 1365, 1370 (M.D. Ga. 1998) ("Congress ... provided that to use this commission-based exception, the commission rate must be set in good faith."). Therefore, "[t]he inquiry is whether the employer set the commission rate in good faith." *Lee*, 651 F. Supp. at 1365; quoting *Erichs v. Venator Group, Inc.*, 128 F. Supp. 2d 1255, 1259 (N.D. Cal. 2001).

The Department of Labor regulations provide two examples of commission rates that are not bona fide. First, a commission plan is not bona fide where the employee almost always earns the same fixed amount of compensation for each workweek. 29 C.F.R. § 779.416(c). Second, a commission plan is not bona fide where "the employee receives a regular payment constituting nearly his entire earnings which is expressed in terms of a percentage of the sales which the

establishment … can always be expected to make with only a slight addition to his wages based upon a greatly reduced percentage applied to the sales above the expected quota." *Id.*

As the Court explained in *Herman*:

Congress did not state that any commission rate was fine ... Instead, it limited the exception to ensure employers would create a commission rate in good faith. Since Congress did not specify a definition of 'bona fide [,]' ... the DOL did so through section 779.416(c). The DOL's interpretation is consistent with the purpose of passing an exception to overtime by paying commissions. The whole premise behind earning a commission is that the amount of sales would increase the rate of pay. Thus, employees may elect to work more hours so they can increase their sales, and in turn, their earnings. When a commission plan never affects the rate of pay, the purpose behind using a commission rate also fails.

*Herman*, 19 F.Supp.2d at 1370; *Erichs*, 128 F.Supp.2d at 1260.

Here, Alabama ReBath set the commission rate in good faith; the commission rate was not a superficial attempt to categorize Plaintiff's earnings as commission in order to avoid having to pay him overtime compensation. Plaintiff's commission was based on 7.5% of the sales price (6.5% if a helper was also on the job) for the remodeling services and products for a given customer. (D.Ex. 1, Wells Affid. at ¶ 10 and Ex.1 thereto) Plaintiff earned a percentage of the revenue generated by sales to Alabama ReBath's customers, and his commissions fluctuated in direct proportion to the revenue generated by the sales on customer services. Alabama ReBath's commission plan also gave installers like Plaintiff an

incentive to work efficiently in order to timely complete jobs so that new jobs could be scheduled. Plaintiff could impact his commission income by working efficiently and handling more customer jobs on which he would be paid commission. (D.Ex. 1, Wells Affid. at ¶ 13) *See Jones*, 2013 WL at *11 (Court held that commission scheme where "technicians who have finished their assigned jobs will necessarily be able to get a greater share of the available work" and "incentivizes employees to work more efficiently and effectively" was a bona fide commission). Unlike the examples in the regulations, Plaintiff did not always or almost always earn the same fixed amount each week, and his earnings fluctuated based on the amount of services he was able to perform for customers as shown in the prior table.

Because Plaintiff's earnings resulted from the application of a bona fide commission rate, and are commissions within the meaning of Section 7(i), Alabama ReBath has met its burden of demonstrating that the Section 7(i) exemption applies to Plaintiff. As such, Plaintiff has no viable wage and hour claims for unpaid time or overtime during the time period he was covered by the commission plan and covered by the exemption (i.e., September 1, 2015 to October 26, 2015), and his claims are due to be dismissed.

13

## CONCLUSION

Based on the foregoing, Defendants Wells Remodeling, LLC d/b/a Alabama ReBath and Andrew Wells respectfully request this Court to grant its Motion for Partial Summary Judgment.

/s/ N. DeWayne Pope
N. DeWayne Pope
DEWAYNE POPE, LLC
The Landmark Building
2100 First Avenue North, Suite 600
Birmingham, Alabama 35203
Tel: (205) 328-9445
dewayne@dewaynepopellc.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I certify that on April 28, 2017, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record via the court's electronic filing system, including the following:

Heather Leonard
Heather Leonard, PC
2105 Devereux Circle, Suite 111
Birmingham, Alabama 35243

/s/ N. DeWayne Pope
OF COUNSEL

14